## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County

    v.

Thomas Anthony Murphy, Jr.

July 30, 1991

Case No. (Criminal) 7481

By JUDGE JAMES H. CHAMBLIN

This case came on for trial without a jury before this judge on July 12, 1991. Murphy is accused in a summons of operating a motor vehicle equipped with a radar detector in violation of § 46.2-1079 of the Code of Virginia on the "Arrivals" ramp of Washington Dulles International Airport ("Dulles Airport") on March 10, 1991. After hearing the evidence and the argument of the Assistant Common-wealth's Attorney and the defendant, the issues of whether or not the "Arrivals" ramp is a highway of the Commonwealth for purposes of § 46.2-1079 and what is the effect of the recent United States Supreme Court decision in *Metropolitan Washington Airports Authority v. Citizens for the Abatement of Aircraft Noise, Inc.* [115 L. Ed. 2d 236] (decided June 17, 1991) (the "MWAA case") were taken under advisement.

For the reasons hereinafter set forth, this court finds as follows:

(1) the arrivals ramp is a highway of the Commonwealth for purposes of § 46.2-1079; and

(2) the MWAA case has no effect on this case.

Accordingly, Murphy is found guilty of a violation of § 46.2-1079 as charged in the summons. He is ordered to appear in this court on September 13, 1991, at 9:00 a.m. for imposition of a fine and costs.

At approximately 3:25 p.m. on March 10, 1991, Officer Harris of the Metropolitan Washington Airports Authority ("MWAA") Police observed Murphy operating a Ford truck on the "Arrivals" ramp at Dulles Airport with what appeared to be a radar detector on the dash. Officer Harris stopped Murphy and determined that the device was a Micronta radar detector with lights illuminated and its power cord plugged into the cigarette lighter.

In his testimony, Murphy did not dispute that the device was a radar detector. He asserts that § 46.2-1079 does not apply because Dulles Airport is owned by the Federal Government and, hence, the "Arrivals" ramp cannot be a "highway of the Commonwealth" as used in § 46.2-1079.

Clearly Dulles Airport is owned by the Federal Government. When the transfer of the operating control of Dulles Airport from the Federal Government to the Metropolitan Washington Airports Authority ("MWAA") was authorized by Congress under the Metropolitan Washington Airports Act of 1986, 49 U.S.C. App. §§ 2451-2461 ("Airports Act of 1986"), the Secretary of Transportation entered into a long term lease with the MWAA. Fee simple title to the airport remained with the Federal Government. *See* 49 U.S.C. App. § 2458(b). The history of Dulles Airport and this transfer is fully set forth in Section I of Justice Stevens's majority opinion in the MWAA case.

Dulles Airport is located in the Commonwealth of Virginia, and the area where this alleged offense occurred is located in Loudoun County, Virginia. Since the airport is federally owned but leased to the MWAA as aforesaid, the Airports Act of 1986 and the legislation adopted by the Virginia General Assembly authorizing the establishment of the MWAA must be examined in order to determine if the Commonwealth has police power over Dulles Airport.

The Virginia Act creating MWAA (*see* 1987 Acts of the Assembly, ch. 665) in section 7(A) provides as follows:

The Commonwealth hereby grants, accepts and agrees to concurrent police power authority over the Metropolitan Washington Airports as provided in Section 6009(c) of the Metropolitan Washington Airports Act of 1986.

Other sections of the Virginia Act make Dulles Airport a "Metropolitan Washington Airport" for purposes of the Act.

Section 6009(c) of the Airports Act of 1986 is the same as 49 U.S.C. App. § 2458(c), and it provides in relevant part as follows:

> (c) *Police Power.* The Commonwealth of Virginia shall have concurrent police power authority over the Washington Metropolitan Airports . . . .

49 U.S.C. App. § 2453(4) defines "Washington Metropolitan Airports" to include Dulles Airport.

The Federal Government and the Commonwealth of Virginia have by consent concurrent police power authority over Dulles Airport. Police power is the inherent right of a state to safeguard and protect the public safety, health, morals and general welfare of its people. *See, Stickley v. Givens,* 176 Va. 548, 557 (1940). Logically, the police power would include the power of the Commonwealth to establish laws governing equipment on motor vehicles operated in the state. *Cf., Crenshaw v. Commonwealth,* 219 Va. 38 (1978). The laws of the Commonwealth, therefore, do apply to Dulles Airport.

Mr. Murphy argues that "highways of the Commonwealth" as used in § 46.2-1079 means highways "belonging to" the Commonwealth. *Webster's New World Dictionary* does contain a definition of "of" as "belonging to," but it also defines "belong" as "to be part of," "be related," or "connected." The definition of "belong" includes more meanings than merely "to be owned." It is my opinion that "highways of the Commonwealth" is not limited to highways actually owned by the Commonwealth but also highways related to, being a part of, or connected with the Commonwealth. It means, more simply, highways located in the Commonwealth. There can be no dispute that Dulles Airport is located in the Commonwealth of Virginia.

The portion of the Fairfax County Comprehensive Plan offered in evidence by Mr. Murphy as defendant's Exhibit No. 1 merely confirms that Dulles Airport is owned by the Federal Government. *See* page III-42 thereof. The matters set forth in the affidavit and certification offered

in evidence as defendant's Exhibit No. 2 are all correct and undisputed, but they have no application to this case.

In the MWAA case, the United States Supreme Court merely held that the creation of the Board of Review under the Airports Act of 1986 with veto power over the Board of Directors of the MWAA is invalid under the "separation of powers" doctrine of the Constitution. The court did not invalidate the Airports Act of 1986 or the MWAA. The Act itself has a provision that merely restricts the authority of the MWAA if the Board of Review is unable to carry out its functions by reason of a judicial order. 49 U.S.C. App. § 2456(h). There is nothing in the MWAA case that would affect the concurrent police power authority of the federal government and the Commonwealth of Virginia over Dulles Airport.

The clerk will prepare an Order finding Mr. Murphy guilty for the reasons set forth herein and ordering him to appear before this Court on September 13, 1991, at 9:00 a.m. for imposition of a fine and costs. All his exceptions to the Court's ruling are duly noted.